# Rewriting of Policies by Insurance Agents

SAYLOR, Deputy Attorney General, July 7, 1933.—You have asked to be advised whether the practice of insurance agents and brokers in rewriting in other companies, without expense to the insured, risks previously carried by companies which have gone into receivership is in violation of law.

We understand that in order to keep the good will of a client certain agents and brokers licensed by you have taken the position that upon the failure of a company with which they have placed their client's insurance they should, without cost to him, replace the insurance with another company for the balance of the unexpired term of his policy.

You suggest that in so doing these agents and brokers are violating the anti-rebate laws of the Commonwealth, in that they are advancing out of their own funds the amount of premium, less commission, necessary to secure the new insurance. While they may do this on the assumption that they will recover back from the company in receivership the unearned premium paid for the original policy, to which the client is entitled, there is reason to suppose that such will not be the result, because experience shows that once a company is in receivership it is not likely to pay claims in full.

Section 635 of The Insurance Department Act of May 17, 1921, P. L. 789, provides in part as follows:

"No insurance agent, solicitor, or broker, personally or by any other party, shall offer, promise, allow, give, set off, or pay, directly or indirectly, any rebate of, or part of, the premium payable on the policy or on any policy or agent's commission thereon, or earnings, profit, dividends, or other benefit founded, arising, accruing or to accrue thereon or therefrom, . . . nor shall any such agent, solicitor, or broker, personally or otherwise, offer, promise, give, option, sell, or purchase any . . . property . . . or other thing of value whatsoever, as inducement to insurance or in connection therewith. . . ."

It might be contended in behalf of the brokers and agents to whom you refer that they are not offering inducements to secure insurance because they have already obtained orders from their clients to write insurance policies. They are, however, offering inducements in connection with insurance in that they are advancing their own funds to retain their clientele by reinsuring their risks in going concerns. They are allowing a rebate of the premium or of a part thereof when they secure and pay for a new policy of insurance and fail to charge or collect a premium therefor.

Furthermore, the act of the insured in accepting an insurance policy for which he has not paid is in violation of law.

Section 636 of The Insurance Department Act of 1921 provides as follows:

"No insured person or party or applicant for insurance shall, directly or indirectly, receive or accept, or agree to receive or accept, any rebate of premium, or of any part thereof, or all or any part of any agent's, solicitor's, or broker's commission thereon, or any favor or advantage, or share in any benefit to accrue under any policy of insurance, or any valuable consideration or inducement, other than such as are specified in the policy."

Where an insured accepts from a broker or agent a policy of insurance in substitution for that to which the defunct company was a party and does not pay his broker or agent a premium for such new policy, he is in effect receiving a rebate of the premium or a part thereof. Furthermore, the insured in accepting the new policy from his broker or agent is receiving a valuable consideration or inducement other than such as are specified in the policy.

Despite the fact that they secure no direct and immediate financial advantage from actions which are morally commendable, those brokers and agents who in such manner reinsure their clients' risks in going concerns are nevertheless violating the law.

Therefore, you are advised that where an insurance agent or broker, following the failure of an insurance company, rewrites a risk insured thereby with another company without charging and collecting from the insured the premium for such new policy, he is violating the laws of the Commonwealth against giving rebates.                    From C. P. Addams, Harrisburg, Pa.